UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-168-TBR

JUSTIN WALTERS,                                                        PLAINTIFF

v.

JESSE COOMBS, et al.,                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Wesley Burnett, Jesse Coombs, Brendan Inglish, and joined by James Knight. (R. 18). On November 9, 2018 the Court warned Plaintiff Justin Walters about the consequences of failing to respond to a motion for summary judgment, and granted him an additional thirty days to respond to the instant one. Those additional thirty days have lapsed. For the reasons set forth below, the Court HEREBY GRANTS THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT, and, in the interest of justice, dismisses with prejudice the claims against Defendants Jonothan Monkle and Tommy Tomlin—the only remaining Defendants in the action.

BACKGROUND

*Pro se* plaintiff, Justin Walters brought excessive force, and multiple retaliation claims against the Defendants. Plaintiff's verified Complaint states that the excessive force occurred on February 20, 2017, and that his first grievance was filed eight days later. (Pl.'s Compl. P. 4 & 8). Defendants Burnett, Coombs, Inglish, and Knight now move for summary judgment. They argue that Walters failed to exhaust his administrative remedies because he failed to timely file his

1

grievance pursuant to CPP 14.6(II)(J)(1)(a)(2). They argue further that Walters failed to raise the issue of retaliation in his grievance.

The Court granted Walters a 30-day extension to file a response to the Defendants' Motion for Summary Judgment on October November 9, 2018 and warned Walters of the consequences should he fail to respond within the extended 30-day period. Walters let the extension lapse without filing a response.

STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a

colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. Sec. 1997e(a). Filing untimely grievances does not constitute exhausting one's administrative remedies. *Skinner v. United States*, No. 06-CV-188-GFVT, 2006 U.S. Dist. LEXIS 73434, at *11 (E.D. Ky. Sep. 26, 2006) ("Moreover, exhaustion means proper exhaustion, i.e., under the terms of and according to the *time* set by BOP regulations.") (emphasis in the original) (citing *Woodford v. Ngo*, -- U.S. --, 126 S. Ct. 2378, 2387-88, 165 L. Ed. 2d 368 (2006)). Defendants have demonstrated with Walters's own Complaint that he failed to file his grievance within the five-day window prescribed by CPP 14.6(II)(J)(1)(a)(2). They have demonstrated with the grievance record that Walters never filed a grievance in which he specifically addressed the alleged retaliation. By Plaintiff's failure to respond, the Court must assume that the facts alleged and properly supported in the Defendants' Motion for Summary Judgment are undisputed. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-407 (6th Cir. 1992). Therefore, the Court finds that Walters has failed to exhaust his administrative remedies as required by the PLRA. The Defendants' Motion for Summary Judgment is granted.

Further, based on the findings above, the Court holds that in the interest of justice Walters's claims against Defendants Jonathan Monkle and Tommy Tomlin should be dismissed with prejudice.

CONCLUSION

Based on the findings and conclusion above, it is **HEREBY ORDERED** as follows:

Defendants' Motion for Summary Judgment., (R. 18), is **GRANTED**.

In the interest of justice and based on the above findings, Walters's claims against Defendants Jonathan Monkle and Tommy Tomlin are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**
December 27, 2018

cc. Counsel of Record